"White, J.
A controlling question in' this case is, whether an appeal lies from the refusal of the1 probate judge to confirm a private sale made by an assignee in trust for the-benefit of creditors.
If a negative answer is given to this question, the judgments of the courts below must be reversed.
The answer to the question depends upon the construction' of the statute authorizing appeals from the probate court, taken in connection with the act regulating the-mode of administering assignments in trust for the benefit of creditors.
Section five of the act last named, in'prescribing the duties of the assignee, declares that the assignee shall proceed at once to convert all the assets into money, and to-sell the real and personal property assigned, including-stocks and such bonds, notes, and other claims as are not-due, either for cash, or upon such other terms as the probate judge, in his discretion, may order, at public auction.
The section also contains the following provision: “Whenever the probate judge shall be satisfied that it would be for the advantage of the creditors of the assignor to sell any part of the real or personal property assigned, at private sale, such judge may authorize the assignee to-then sell the same, either for cash, or upon such other-terms as the probate judge, in his discretion, may order; but such real estate shall, in no casé, be sold for less than two-thirds of its appraised value; nor shall 'such personal property be sold for less than two-tliirds of such appraisement, unless the probate judge aforesaid shall, upon good cause shown, order the assignee to sell the same for a less. *203 amount; . . . and a return of such sale' shall be made within the time prescribed by the probate judge, not to extend beyond six months; and such sale shall be confirmed by the probate judge, before the same shall be complete and binding.” . . . S. & S. 395, 396.
The cases in which appeals may be taken from the probate court are defined in section 3 of the act supplementary to the act defining the jurisdiction and regulating the practice of probate courts, as the section was amended April 12, 1871.
The amended section is as follows: “ That' appeals may be taken from any order, decision, or decree of the probate court, in settling the accounts of an executor, administrator, or guardian; in proceedings for the sale of real estate for the payment of debts; in cases where the probate court shall have increased or diminished the allowance made by appraisers of any estate to any widow or minor child or children, for their support one year; in proceedings against persons suspected of having'concealed, embezzled, or conveyed away the property of deceased persons'; in cases for the completion of real contracts; from any order, decision, or decree made under ‘ an act regulating the mode of administering assignments in trust for the benefit of creditors,’ and in proceedings to appoint guardians for lunatics, idiots, etc.,” by any person against whom such order, decision, or decree shall be made, or who may be affected thereby, to the court of common pleas of the proper county; and the cause so appealed shall be tried, heard, and decided in the court of common pleas, in the same manner as though said court of common pleas had original jurisdiction thereof.” 68 Ohio L. 57.
The mode of taking an appeal is prescribed in section 4 of the act. S. & 0. 1218.
No notice is required to be given by a party desiring to-take an appeal; but he is required, within twenty days after the making of the order, decision, or decree, to give an undertaking to the adverse party, with one or more *204 sureties, to be approved by the probate judge, conditioned as proscribed in the section.
By section 5, the probate judge is required, upon the giving of the undertaking, to make out an authenticated transcript of the docket or journal entries, and of the order, decision, or decree appealed from, which is to be filed, by the person appealing, with the clerk of the court of common pleas, on or before the second day of the term next after the undertaking is given; and the appeal is thereupon to be considered as perfected.
The language of the statute authorizing appeals from the probate court is very general and comprehensive; but it must be construed with reference to the nature of the remedy and the subject-matter. Courts, in order to effect the intention of the statute, often restrain, qualify, or enlarge the meaning of the words employed.
The language is, that “ appeals may be taken from any ■order, /decision, or decree.”
Manifestly, this language is not to be understood in its literal sense. There are many orders and decisions to which it can not be applied, without rendering the jurisdiction of the court inefficient and ineffectual for the purposes of justice.
It can not apply to decisions and orders granting continuances, or further time to assignees, or to executors and administrators, or to decisions made during the progress of a trial; nor to granting authority, under the assignment law, to sell at private sale, nor to the fixing of the time within which such sale might be made.
Many other examples might be given, but it is unnecessary to enumerate them.
The nature of appeals in this state differs from appeals in many of the states. Tire effect of an appeal, under our system, is to vacate the order, decision, or decree appealed from, and to carry the cause into the appellate court, both upon the law and facts, the same as if no decision had been made. Hence, under our system, it has uniformly *205 been held that no appeals are allowable, except from such decisions as are, in their nature, final.
The consequence of allowing appeals from the refusal of the court to confirm sales, would be to impede unreasonably the settlement of the assignment.
The assignee is required to proceed at once to sell the real and personal property, including claims that are not due.
This, as well as other provisions of the act, shows that diligence and promptitude are required of the assignee in the settlement of the assignment.
If such appeals are allowable, any person affected by the refusal can, without notice, appeal within the time prescribed for giving the undertaking. Hence, in case of the refusal to confirm a sale, or of the setting it aside, no steps could be safely taken to effect a resale, until the time had elapsed for perfecting the appeal, although no appeal might, in fact, be taken. And if an appeal should be perfected, all further action would have to await the determination of the appellate court.
In view, therefore, of the nature of an appeal, and of the effect of allowing it in cases like the present, it seems to us that it was not intended to apply to such cases. That an order or decision, to be the subject of appeal, must be definite or final in its nature.
The refusal to confirm the sale concludes no rights of property. True, it does settle that the inchoate agreement is not to he completed; but, until confirmed by the judge, the agreement is imperfect. Confirmation is essential to make it complete and binding.
The refusal to confirm, or the setting aside a sale, unlike its confirmation, leaves the property undisposed of, to be again offered for sale, and giving all desiring to purchase an equal opportunity to do so.
"Without, therefore, saying that an appeal may not be taken in the ease of a confirmation of sale, we are unanimous in the opinion that, in the case of a refusal to confirm, there is no appeal. .

Judgment reversed, and the appeal dismissed.